4L 459
10L 114
10L 637

K. G. HICKS *v.* J. S. SMITH et als.

**ASSIGNMENT.** *Parol. Is binding on the assignor.* A parol assignment of part of a lien debt, with the right of priority of satisfaction, is binding on the assignor.

FROM MADISON.

Appeal from the Chancery Court at Jackson. H. W. McCORRY, Ch.

J. L. H. TOMLIN and R. W. HAYNES for Complainants.

F. B. SNIPES, C. G. BOND and CAMPBELL & JACKSON for Defendants.

COOPER, J., delivered the opinion of the Court.

On the 26th of August, 1873, B. M. Hicks sold and conveyed to J. S. Smith several tracts of land for the price of $6,250, one-third paid in cash, and the residue secured by two notes in equal installments, at one and two years, for the payment of which a lien was expressly retained on the face of the deed. In February, 1876, the greater part of these notes remained unpaid. At that time, one David Rice held a judgment against B. M. Hicks for $1,182.03 and costs, and was pressing its payment. Hicks was, in his turn, pressing Smith on his purchase notes for money to meet this judgment. Rice was at the same time indebted to J. P. Thomas, in an amount larger than the judgment. Under these circumstances, Hicks, who lived in Dyer county, came to Madison county, and proposed to Thomas that if he would give Rice a credit on his indebtedness for the amount due upon the judgment, and take a mortgage from Smith on the land sold for the same amount, he, Hicks, would give him priority of lien on the land to the extent of the debt thus secured. Thomas either declined the proposition or took time to consider it. About ten days afterwards, on the 7th of February, 1876, the parties met in Jackson, and Hicks took Smith and

Thomas to his lawyer, and caused a mortgage of the land from Smith to Thomas to be drawn up, reciting the arrangement in reference to the various debts, and securing Thomas for the amount of the Rice judgment, after deducting $300 paid in cash by Smith to Thomas.

On the 2nd of January, 1877, K. G. Hicks, a brother of B. M. Hicks, filed the first of these bills, claiming to be the holder for the value of the purchase money notes of Smith for the land, and asking that the land be sold in satisfaction thereof.

On the 3rd of August, 1877, J. P. Thomas filed the second of these bills for the foreclosure of his mortgage, making B. M. Hicks and K. G. Hicks defendants, and claiming a priority of satisfaction for his debt.

The cases were consolidated, and such proceedings were had that a final decree was rendered in favor of each complainant for the amount of his demand, but giving Thomas a right to be first satisfied out of the proceeds of the sale of the land.

By consent of parties, the land had been sold pending the litigation, and the proceeds of sale were insufficient to pay both debts.

The case is before us by the appeal of B. M. and K. G. Hicks.

The first point made for the reversal of the decree below is that, even if B. M. Hicks did make a valid agreement with Thomas to give his mort-

gage debt the right to be first satisfied out of the proceeds of sa.e of the land, the complainant, K. G. Hicks, is a *bona fide* purchaser of the original notes of Smith, and not bound by the agreement. But neither B. M. Hicks nor K. G. Hicks, in their joint answer to the bill of Thomas, set up the defense that the latter was a purchaser without notice of the complainant Thomas' equity. They say that B. M. Hicks was indebted to his father and another brother, and transferred the notes, then long past due, to secure the indebtedness to the father and brother.

Thomas, in his bill, charged that the assignment was without consideration, and intended to prejudice him in the assertion of his rights.

Both defendants deny the fraudulent intent, and claim that the transfer was made to secure valid indebtedness, but do not insist upon any want of notice of the complainant's equity. Neither in the answer, nor in the deposition of B. M. Hicks is the precise amount of the alleged indebtedness to his father and brother stated. Nor is the deposition of the father or brother, or of K. G. Hicks taken. The father died before or pending the litigation, and his will, introduced in evidence, fairly indicates that whatever notes of B. M. Hicks had been taken by the father were intended merely as an evidence of advancements to be accounted for in the equal distribution of the father's estate among his children. Besides, the supposed transfer of the notes bears date the 30th of Jan-

uary, 1876, and the proof shows the possession and control of the notes by B. M. Hicks after that date.

To meet this suggestion, the answer states that the transfer was made on the 30th of January, 1877, and that a clerical mistake was made in the year. But, in his deposition, B. M. Hicks states that the transfer was made only a few days after the execution of the mortgage of Smith to Thomas, and when his attention was called to the fact that the mortgage was executed in February, 1876, he concedes that there was a mistake in the month also. The Chancellor was of the opinion that these mistakes were more numerous than was exactly consistent with a straight tale, and he declared that the transfer was merely colorable. In this conclusion we fully concur.

The next point made for reversal is, that at the date of the execution of the mortgage to Thomas, there was no agreement to give him priority of satisfaction. B. M. Hicks admits that he, in his first application to Thomas to make the arrangement, did propose to concede to him such priority. He insists, however, that Thomas refused the offer, and the final arrangement was made between Smith and Thomas, ten days afterwards, according to the answer; a month or six weeks afterwards according to his deposition.

Thomas testifies that he did not refuse the proposition, and accepted the mortgage, and gave Rice a credit for the amount thereby secured,

under the belief that he was to have priority according to B. M. Hicks' proposition.

The proof is, that Hicks remained until the matter was consummated, took the parties to his own lawyer, and had the mortgage drawn at his expense. He does not pretend that he ever formally withdrew his original proposition, or gave Thomas any reason to suppose that he was not to have the benefit of it. In his deposition, Hicks expressly says that Thomas thought that his deed gave him the first right on the land.

The evidence of Smith is that Hicks told him that Thomas was to have priority of satisfaction.

Under these circumstances, we concur with the Chancellor in thinking that the whole was one transaction, and that the consummation was under the original proposition.

It is argued that the previous conversations and parol agreements were merged in the mortgage, the written instrument with which the business was consummated, and evidence was not admissible of the oral negotiations. But this would be to treat the mortgage as a writing embodying the contract between Hicks and Thomas, which it clearly is not. It was only an instrument by which a part of that contract was carried out. The contract between Hicks and Thomas was never reduced to writing at all.

It has not been argued that a parol contract may not be valid, by which one mortgagee or holder of a lien on land for a sufficient consider-

ation, waives that lien in favor of another mortgagee; and whatever may be the general rule on the subject, there can be no doubt that a mortgagee may assign part of his debt and stipulate that the assignee may have the prior right of satisfaction.

The order in which the installments of a debt secured by lien may be paid, rests upon principles of equity, which differ in different States: 1 Lea, 695.

That order may, as between the immediate parties, be controlled by contract: *Ewing* v. *Arthur*, 1 Hum., 537; and no reason occurs why the contract may not be in parol; for it would be simply setting apart a particular fund for the payment of the debt: 1 Ves., 280, 477, cited in *Ewing* v. *Arthur*. That is, in effect, this case. And, moreover, the promise would be operative by way of estoppel on the ground of fraud.

The Chancellor's decree will be affirmed with costs.